IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF KENTUCKY, LOUISVILLE DIVISION

| | |
|---|---|
| David Gordon Oppenheimer, | ) |
| Plaintiff, | ) ) ) Case No: 3:24-CV-340-DJH |
| Global Aviation Navigator, Inc. and Jeffrey A. Carrithers, | ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT AND JURY DEMAND**

Plaintiff, David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), by and through his attorneys at COMMONWEALTH COUNSEL GROUP PLLC and ZLATKIN CANN ENTERTAINMENT, for his complaint ("Complaint") against Defendants Global Aviation Navigator, Inc. and Jeffrey A. Carrithers (collectively, "Defendants"), alleges:

**NATURE OF THE ACTION**

1. This action arises under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and 17 U.S.C. §§ 501 *et seq.*, for copyright infringement of a work registered with the United States Copyright Office.

**THE PARTIES**

2. Oppenheimer is an individual who is actively engaged in the business of creating and licensing photography and who resides in Asheville, North Carolina.

3. Defendant GLOBAL AVIATION NAVIGATOR, INC. ("GAN") is a Kentucky corporation with a principal office to do business in Louisville, Kentucky. GAN owns and operates the interactive website located at the URL https://www.globalair.com (together with all subpages,

"GlobalAir.com"). GAN may be served at its registered agent: William H. Bennett, 104 Daventry Ln., Louisville, KY 40223.

4. Upon information and belief, Defendant Jeffrey A. Carrithers ("Carrithers") is an individual residing in Jefferson County, Kentucky and, at all relevant times, owned GAN and was the president of GAN. Carrithers may be served at Bowman Business Center, 2700 Moran Ave., Ste. C, Louisville, KY 40205.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Plaintiff is informed, believes, and thereon alleges that Defendants have sufficient contacts with this District generally and, in particular, with the events herein alleged, that Defendants are subject to the exercise of jurisdiction of this Court. Specifically, each of the Defendants is domiciled in this District and, upon information and belief, all of the Defendants' actions giving rise to Plaintiff's claims occurred within this District.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## FACTUAL ALLEGATIONS

8. Oppenheimer is a noted and respected professional photographer with many years of experience and considerable reputation.

9. Oppenheimer's photographs have appeared in *inter alia* Rolling Stone, MSNBC, MTV, AOL, and FUSE. The subjects of Plaintiff's photography include President Bill Clinton, Bob Dylan, Bruce Springsteen, Carlos Santana, and Paul McCartney, among countless other instantly recognizable persons and places.

10. Oppenheimer has over the years performed photography services through his own name as well as in the form and style of "Performance Impressions LLC," which is a North Carolina limited liability company in good standing.

11. Oppenheimer earns his livelihood from the creation and licensing of his images to permitted third-party licensees for compensation, as well as from selling prints of his photographs.

12. Upon information and belief, GAN owns and operates GlobalAir.com, which is an online marketplace, news outlet, and advertising platform targeting the aviation industry. Upon information and belief, GAN also provides web design and website hosting solutions for businesses in the aviation industry. Upon information and belief, Carrithers is the owner and president of GAN and is the developer of GlobalAir.com.

### Oppenheimer Creates, Registers, and Publishes the Photograph

13. In October 2013, Oppenheimer created an aerial photograph of Jackson County Airport in Cullowhee, North Carolina ("Photograph") through significant skill and personal expense. Specifically, Plaintiff flew in a private airplane and captured the Photograph during a landing approach by physically operating professional camera equipment. This required skill and experience to best capture the aerial view of the mountaintop runway and the surrounding mountains.

14. The Photograph is an original work that Oppenheimer registered with the United States Copyright Office as part of a collection of photographs. The Photograph – referenced by its contents title "2013Oct20_1a_opp9815.jpg" – is registered with the United States Copyright Office as part of the collection *Aerial Photographs Taken on October 20, 2013* under Copyright Registration Number VAu 1-156-824, bearing a November 21, 2013, effective date of registration. A copy of the copyright registration certificate for the Photograph is attached hereto as Exhibit A.

The deposit copy of the Photograph submitted along with the copyright application is attached hereto as Exhibit B.

15. After submitting the Photograph for registration, Plaintiff published the Photograph through the Performance Impressions LLC website, where Oppenheimer makes his works available for print sales and licensing, and through the website Flickr.com. As is his pattern and practice, the published version of the Photograph contained copyright management information as defined under 17 U.S.C. § 1202(c) including the proper copyright notice "© 2013 David Oppenheimer" on the face of the Photograph in the form of a legible watermark, embedded in the metadata of the Photograph, and/or in an adjacent caption. Copyright management information ("CMI") in the metadata of the Photograph also includes a notice declaring "All Rights Reserved" in addition to instructions for licensing, Oppenheimer's address, phone number, email, and the Performance Impressions website URL. Oppenheimer does all this to distinguish his works from others, as well as to ensure that people who view the Photograph appreciate that Oppenheimer owns all rights and title to the Photograph and follow proper protocols in licensing the Photograph. Plaintiff's published version of the Photograph is attached as Exhibit C hereto bearing this subsequently added CMI on the face of the Photograph.

16. Plaintiff has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights and has secured the exclusive rights and privileges in and to the copyright of the Photograph.

17. Since the date of creation, Plaintiff has held all the exclusive rights to the Photograph, including, without limitation, the rights to reproduce the work, to prepare derivative works, to distribute copies to the public, and to display the work publicly pursuant to 17 U.S.C. § 106.

18. Plaintiff's copyright referenced above is presently valid and subsisting, was valid and subsisting from the moment of creation, and has been valid and subsisting in all conditions precedent to the filing of this suit.

### Defendants Use the Photograph Without Authorization

19. Upon information and belief, in or around October 2021, one or more of the Defendants (or such Defendants' authorized representatives) obtained the published version of the Photograph and reproduced, distributed, and/or displayed a copy of the Photograph through at least the following URLs (collectively, "Infringing URLs"):

- https://www.globalair.com/articles/the-best-airports-to-fly-into-to-see-fall-colors?id=3427 ("Article URL")
- https://resources.globalair.com/images/article/11040284746_148f670837_b.jpg ("Image URL")

20. At the Article URL, Defendants used a copy of the Photograph in an article posted on GlobalAir.com entitled *"The best airports to fly into to see fall colors"* ("Article"). A copy of a screenshot of the Article containing unauthorized use of the Photograph, as available at least as recently as September 23, 2022, is attached hereto as Exhibit D.

21. In addition to the Article, the Photograph was accessible through GlobalAir.com at the Image URL. A copy of the Photograph contained at the Image URL, as available at least as recently as September 23, 2022, is attached hereto as Exhibit E.

22. Upon information and belief, GAN, Carrithers, or a third party at the direction of GAN and/or Carrithers (such third party, if any, "Third Party Marketing Agent") proceeded to publish the Photograph at the Infringing URLs to promote and advertise GAN's services provided through GlobalAir.com.

**Oppenheimer Provides Notice of Copyright Infringement to Defendants**

23. On September 23, 2022, Oppenheimer, through counsel, provided notice to Defendants via email and certified mail regarding GAN's infringement of Oppenheimer's rights in the Photograph.

24. On March 20, 2023, not having received any response from anyone on Defendants' behalf, Oppenheimer, through counsel, followed up with GAN via email.

25. On April 26, 2023, still not having received any response from anyone on Defendants' behalf to Oppenheimer's prior communication attempts, Oppenheimer's counsel again emailed GAN regarding the matter.

26. To date, Defendants have not responded to Oppenheimer's September 23, 2022, letter or any follow-up communications.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement Under 17 U.S.C. § 501**
**(Against All Defendants)**

27. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–26 of this Complaint.

28. Plaintiff owns the exclusive rights to the copyright-protected Photograph.

29. Upon information and belief, one or more of the Defendants caused the publication, copy, and display of the Photograph at each of the Infringing URLs.

30. Defendants' acts are and were performed without the permission, license, or consent of Plaintiff.

31. Defendants acted with willful disregard of the laws protecting Plaintiff's copyright.

32. Defendants infringed Plaintiff's copyright in the Photograph in violation of 17 U.S.C. § 501.

33. Plaintiff has sustained and will continue to sustain substantial damage in an amount not yet fully ascertainable.

34. Plaintiff is informed, believes, and thereon alleges that the Defendants have obtained profits recoverable under 17 U.S.C. § 504. Plaintiff will require an accounting from the Defendants of all monies generated from the Photograph.

35. In the alternative and at his election, Plaintiff is entitled to seek maximum statutory damages for willful infringement by Defendants of Plaintiff's rights in the Photograph in an amount of $150,000 under 17 U.S.C. § 504(c)(2). In the event that the trier of fact does not find that Defendants willfully infringed Plaintiff's copyright in the Photograph, Plaintiff is entitled to seek maximum statutory damages in an amount of $30,000 under 17 U.S.C. § 504(c)(1).

36. Plaintiff is entitled to seek recovery of Plaintiff's attorneys' fees and costs of suit from the Defendants, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## Vicarious Copyright Infringement
## (In the Alternative Against Carrithers)

37. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–36 of this Complaint.

38. Pleading further but without waiver of the foregoing, Oppenheimer shows that at the time GAN performed the infringing acts, Carrithers was the president and/or other genre of principal of GAN.

39. Upon information and belief, Carrithers controlled nearly all decisions relating to GAN and was the dominant influence of GAN. Carrithers provided hands-on decision making with respect to the activities of GAN, making most of the decisions relating to GAN. Carrithers had the right and ability to supervise and/or control the infringing conduct of GAN, and/or to stop the infringements once they began. Upon information and belief, Carrithers had an obvious and

direct financial interest in these infringing activities of GAN, because GAN's use of the Photograph (and/or any Third-Party Marketing Agent's use of the Photograph, with the authorization of GAN) on the Infringing URLs advertised and promoted the goods and services of GAN, encouraging website viewers to purchase and use the services offered by GAN. Infringement of the Photograph allowed Defendants to promote and sell more effectively GAN's and/or GAN affiliates' services by drawing, capturing, holding, and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or the brand, public image, and reputation of GAN. Accordingly, Carrithers is personally liable to Oppenheimer as a joint and/or contributory infringer or is otherwise vicariously liable for the actions of GAN.

### THIRD CLAIM FOR RELIEF
### Contributory Copyright Infringement
### (In the Alternative Against Carrithers)

40.   Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–36 of this Complaint.

41.   Alternatively, Carrithers has intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements.

42.   Upon information and belief, Carrithers at all relevant times was the dominant influence in GAN. Carrithers provided hands-on decision-making with respect to the activities of GAN, set and controlled the policies and protocols of GAN, and established corporate rules and cultures which encouraged the infringing activities. Carrithers therefore had the right and ability to supervise and/or control the infringing conduct of GAN – and of GAN's employees, agents, and/or servants – and/or to stop the infringements once they began, but either directly refused to exercise such rights or chose to remain willfully blind to the infringing activities while creating a work environment that encouraged and enabled the same. Additionally, and upon information and

belief, Carrithers had an obvious and direct financial interest in the infringing activities of the company Carrithers operated.

43. Accordingly, Carrithers is personally liable to Oppenheimer as a contributory infringer for the infringing activities of GAN.

**FOURTH CLAIM FOR RELIEF**
**Vicarious Copyright Infringement**
**(In the Alternative Against GAN)**

44. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–36 of this Complaint.

45. Pleading further but without waiver of the foregoing, Oppenheimer shows that at the time any Third-Party Marketing Agent involved in the promotion of GAN's services through GlobalAir.com performed the infringing acts of publishing at the Infringing URLs, such Third-Party Marketing Agent was an agent of GAN. Specifically, upon information and belief, GAN engaged a Third-Party Marketing Agent to provide digital marketing services for the benefit of GAN.

46. Upon information and belief, as the client for whose benefit digital services were being provided by a Third-Party Marketing Agent, at all relevant times, GAN had the authority to control all of the Infringing URLs. As a result, at all relevant times, GAN had the right and ability to supervise and/or control the infringing conduct with respect to the Infringing URLs, and/or to stop the infringements once they began.

47. Upon information and belief, GAN had an obvious and direct financial interest in these infringing activities of a Third-Party Marketing Agent, because Third-Party Marketing Agent's use of the Photograph on the Infringing URLs advertised and promoted the services of GAN, thereby encouraging website viewers to purchase and use GAN's and/or GAN's affiliates' services. Infringement of the Photograph allowed GAN to promote and sell GAN's and/or GAN's

affiliates' services more effectively by drawing, capturing, holding, and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or the brand, public image, and reputation of GAN.

48. Accordingly, GAN is personally liable to Oppenheimer as a joint infringer or is otherwise vicariously liable for the actions of any Third-Party Marketing Agent.

**FIFTH CLAIM FOR RELIEF**
**Contributory Copyright Infringement**
**(In the Alternative Against GAN)**

49. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–36 of this Complaint.

50. Alternatively, GAN has intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements.

51. Upon information and belief, having obtained a copy of the Photograph without authorization from the author of such Photograph, GAN had sufficient knowledge that provision of the Photograph to any Third-Party Marketing Agent for publication on a website promoting GAN's services would infringe upon the rights of the author of the Photograph.

52. Accordingly, GAN is personally liable to Oppenheimer as a contributory infringer for the infringing activities of any Third-Party Marketing Agent.

**JURY DEMAND**

Plaintiff requests a trial by jury for all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment against Defendants as follows.

1. Pursuant to 17 U.S.C. § 502, that Defendants and Defendants' agents, servants, employees, representatives, successors, and assigns, and all persons, firms, corporations, or other

entities in active concert or participation with Defendants, be permanently enjoined from directly or indirectly infringing the Plaintiff's copyrights in any manner, including generally, without limitation, reproducing, distributing, displaying, performing, or making derivative works of the Photograph;

2. That Defendants be required to perform a complete and full accounting of all profits generated by Defendants from the Photograph;

3. Pursuant to 17 U.S.C. § 504, that Defendants be required to pay actual damages and disgorgement of all profits derived by Defendants from the Defendants' acts of copyright infringement; in the alternative, upon Plaintiff's election, pursuant to 17 U.S.C. § 504, that Defendants be required to pay statutory damages up to $150,000 for each work infringed for Defendants' acts of copyright infringement and, in the event that the factfinder determines that Defendants' infringement was not willful, that Defendants be required to pay statutory damages up to $30,000 for each work infringed by the Defendants;

4. Such other and further relief as the Court shall find just and proper.

*[Signature Page Follows]*

Dated: June 7, 2024

        Respectfully submitted,

        **COMMONWEALTH COUNSEL GROUP PLLC**

        By: _/s/ Parker M. Wornall_
        Parker M. Wornall (Bar No. 97380)
        COMMONWEALTH COUNSEL GROUP PLLC
        10343 Linn Station Rd., Suite 100
        Louisville, Kentucky 40223
        Tel: (502) 805-2303
        Fax: (502) 805-2304
        parker@ccgattorneys.com

        **AND**

        **ZLATKIN CANN ENTERTAINMENT**

        Ilya G. Zlatkin (pro hac vice forthcoming)
        ZLATKIN CANN ENTERTAINMENT
        4245 North Knox Avenue
        Chicago, Illinois 60641
        Tel: (312) 809-8022
        Fax: (312) 809-6918
        ilya@zce.law

        _Attorneys for Plaintiff David Gordon Oppenheimer_