IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF KENTUCKY, LOUISVILLE DIVISION

| | |
|---|---|
| David Gordon Oppenheimer,<br><br>                    Plaintiff,<br><br>v.<br><br>Global Aviation Navigator, Inc. and<br>Jeffrey A. Carrithers,<br><br>                    Defendants. | Case No: 3:24-cv-00340-DJH-RSE<br><br>Dist. Judge David J. Hale<br><br>Mag. Judge Regina S. Edwards |

## JOINT REPORT OF THE PARTIES' PLANNING MEETING

Pursuant to the Court's order dated September 11, 2024 [Dkt. 13], Plaintiff David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff") and Defendants Global Aviation Navigator, Inc. ("GAN") and Jeffrey Carrithers ("Carrithers" and, together with GAN, "Defendants"), submit this Joint Report of the Parties' Planning Meeting:

    **1.**    **Rule 26(f) Conference**. The following persons participated in a Rule 26(f) conference on October 2, 2024, by telephone:

        a.    Attorney Ilya G. Zlatkin on behalf of Oppenheimer

        b.    Attorney Joel T. Beres on behalf of Defendants

    **2.**    **Initial Disclosures**. The parties will complete by October 18, 2024, the initial disclosures required by Rule 26(a)(1).

    **3.**    **Discovery Plan**. The parties propose the following discovery plan:

        a.    Topics for Discovery. Discovery will be needed on these subjects:

            i.    Plaintiff's creation of the photograph at-issue ("Photograph");

            ii.    Validity of Plaintiff's copyright in the Photograph;

            iii.    Circumstances surrounding Defendants' use of the Photograph;

      iv. Scope of use of Plaintiff's photograph ("Photograph") by Defendants;

      v. Defendants' internal policies and procedures for ensuring compliance with intellectual property laws;

      vi. Plaintiff's alleged actual damages;

      vii. Plaintiff's alleged lost licensing fees;

      viii. Profits generated by Defendants as a result of the alleged infringement.

b. <u>Fact Discovery</u>. Fact discovery is to be completed in this case by <u>April 25, 2025</u>.

c. <u>Interrogatories</u>. The parties agree to the applicable Federal Rules as to the number of and procedures associated with any interrogatories issued by the parties.

d. <u>Requests for Production</u>. The parties agree to the applicable Federal Rules as to the number of and procedures associated with any requests for production of documents issued by the parties.

e. <u>Requests for Admission</u>. The parties agree to the applicable Federal Rules as to the number of and procedures associated with any requests for admissions issued by the parties.

f. <u>Depositions</u>. The parties agree to the applicable Federal Rules as to the procedures for, number of, and length of any depositions taken by the parties.

    g. <u>Ongoing Obligations to Supplement</u>. The parties shall have an ongoing obligation to supplement discovery responses pursuant to Rule 26(e)(1).

4. **Expert Witnesses**. The parties agree that the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony, including any associated expert witness report, is due on or before <u>May 30, 2025</u>. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before <u>June 30, 2025</u>. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with submissions of expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Any expert depositions shall be taken no later than <u>August 15, 2025</u>.

5. **Other Items:**

   a. <u>Amendment of Pleadings and Joinder of Parties</u>. The parties shall have until <u>January 17, 2025</u>, to amend pleadings or join parties.

   b. <u>Motions Relating to Discovery</u>. The parties shall file all motions relating to fact discovery by <u>April 25, 2025</u>, and all motions relating to expert discovery by <u>August 15, 2025.</u>

   c. <u>Dispositive Motions</u>. The parties shall file all dispositive motions by <u>October 24, 2025</u>.

   d. <u>Settlement Discussions and Settlement Conference</u>. Having exchanged settlement offers in recent weeks, the parties believe that a settlement conference administered by the Magistrate Judge may be conducive for prospects of potential settlement. The parties believe that a virtual

    settlement conference scheduled prior to discovery may help both parties preserve significant resources. The parties would appreciate the Magistrate Judge setting a schedule for a settlement conference.

e. <u>Trial</u>. If this case cannot be settled through a settlement conference, the parties believe they will be ready for trial in this matter starting in or after <u>November 2025</u>. The length of trial will be two-to-three (2-3) full trial days.

f. <u>Witness Lists, Exhibit Lists, Designation of Witnesses</u>. The parties agree to submit Rule 26(a)(3) witness lists, exhibits lists, and designation of witnesses whose testimony will be presented by deposition three weeks prior to the final pretrial conference scheduled in this matter. Any objections to those designations under Rule 26(a)(3) shall be filed one week prior to the final pretrial conference scheduled in this matter.

g. <u>Modification of Case Management Plan</u>. The parties note that the scheduling of any potential Court-administered settlement conference may require adjustments to the case management schedule proposed herein. The parties understand, however, that the Court will enter a scheduling order under Rule 16(b)(1), and that, once scheduled, the Court will modify any such schedule "only for good cause." *See* FED. R. CIV. P. 16(b)(4).

Dated: October 18, 2024

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| By: /s/ Ilya G. Zlatkin<br>Ilya G. Zlatkin<br>ZLATKIN CANN ENTERTAINMENT<br>4245 North Knox Avenue<br>Chicago, Illinois 60641<br>Tel: (312) 809-8022<br>ilya@zce.law | By: /s/ Joel T. Beres (with permission)<br>Joel T. Beres<br>STITES & HARBISON, PLLC<br>400 West Market Street, Suite 1800<br>Louisville, Kentucky 40202<br>Tel: (502) 681-0324<br>jberes@stites.com |
| *Attorney for Plaintiff David Gordon Oppenheimer* | *Attorney for Defendants Global Aviation Navigator, Inc. and Jeffrey A. Carrithers* |