UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| David Gordon Oppenheimer,<br><br>PLAINTIFF,<br><br>v.<br><br>Global Aviation Navigator, Inc. and<br>Jeffery A. Carrithers,<br><br>DEFENDANT. | CIVIL ACTION NO. 3:24-CV-340-DJH |

**PLAINTIFF DAVID GORDON OPPENHEIMER'S INITIAL DISCLOSURES
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants Global Aviation Navigator, Inc. and Jeffrey A. Carrithers (together, "Defendants"), through undersigned counsel, makes the following disclosures ("Initial Disclosures") to Plaintiff David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff") in the above-referenced lawsuit.

These Initial Disclosures are based on information presently known and reasonably available to Defendant at the current time and prior to discovery. Continuing investigation and discovery may cause Defendant to amend these Initial Disclosures, including by identifying other potential witnesses and documents, and by disclosing other pertinent information. Defendant therefore reserves the right to supplement these Initial Disclosures.

By providing these Initial Disclosures, Defendant does not represent that Defendant is identifying every document, tangible thing, or witness possibly relevant to this action. In addition, these Initial Disclosures are made without Defendant in any way waiving Defendant's right to object to any discovery request or proceeding involving or relating to the subject matter of these Initial Disclosures on any grounds, including competency, privilege, relevancy, materiality,

hearsay, undue burden, confidentiality, or any other appropriate grounds. Furthermore, these Initial Disclosures are not an admission by Defendant regarding any matter.

Each and every disclosure set forth below is subject to the above qualifications and limitations.

I. **Rule 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;**

Individuals likely to have discoverable information Plaintiff may use to support Defendant's claims in the above-referenced lawsuit are as follows:

1. **Jeffery A. Carrithers**

Mr. Carrithers is the owner and president of Global Aviation Navigator, Inc., which in turn owns and operates the website that featured the Photograph without permission from Plaintiff ("Website"). Mr. Carrithers has knowledge (i) regarding the use of the photograph on the Website; (ii) correspondence between the parties prior to litigation; (iii) the prompt removal of the photograph from Website; (iv) internal policies relating to compliance with intellectual property laws; (v) marketing strategies; and (vi) metrics regarding site visits and webpage valuations.

Contact through counsel.

2. **David G. Oppenheimer**

Mr. Oppenheimer is likely to have knowledge about the subject photograph, and information regarding the failure to register of the photograph with the U.S. Copyright Office. Mr. Oppenheimer is likely to have knowledge and information about the market value of the photograph and instances of licensing similar aerial photographs.

Contact through counsel.

Defendant further anticipates Plaintiff will introduce expert witness testimony regarding infringement of Plaintiff's copyright, and damage resulting from infringement of Plaintiff's copyright.

Other individuals not specifically known to Defendant at this time, including any individuals identified by Defendant in discovery, any representatives of Plaintiff, any witness, any expert witness, and/or any person necessary to lay foundation or authenticate documents, may possess discoverable information that Plaintiff may use to support Plaintiffs case, such as information related to the use of the copyrights in question or the claims in this action.

II.     **Rule 26(a)(1)(A)(ii): a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;**

Based upon information reasonably available to Defendant at present, Defendant identifies the following categories of documents, electronically stored information, and tangible things that may be used to support claims or Plaintiff. By identifying the following categories of documents, Dfendant does not waive any attorney-client privilege, work product protection, or other applicable objection, protection, or immunity, and expressly reserves the right to challenge the relevance or admissibility of some or all of the documents at later proceedings or trial in this matter. Further, Dfendant is continuing Defendant's investigation and reserves the right to identify additional nonprivileged and non-work product documents, electronically stored information, and tangible things that may be used to support claims or defenses.

Defendant may use at least the following categories of documents to support claims or defenses, which are believed to be (i) in Defendant's possession, custody, or control, (ii) in the possession, custody, or control of Plaintiff, or (iii) in the public domain and otherwise available:

1. The subject photograph.

2. Documents evidencing copyright registration that does not include the subject photograph.

3. Documents relating to alleged unauthorized use of the photograph on Defendant's website.

4. Documents relating to Defendants' hiring of third party to publish an article who incorporated the photograph into said article.

5. Defendant's website traffic metrics and valuation of webpages to Defendant's business.

6. Documents relating to Plaintiff's licensing of the subject photograph and/or other works that are comparable to the subject photograph.

7. Documents relating to Plaintiff's core market of licensed photographs.

8. Documents relating to communications between Plaintiff and/or Plaintiff's representatives and any Defendants and/or Defendants' agents.

9. Documents relating to communications indicating Plaintiff's awareness that Defendant removed the subject photograph from its website.

Defendant reserves the right to supplement the foregoing disclosures as additional information is obtained during discovery.

  **III.** **Rule 26(a)(1)(A)(iii): a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and**

  Not Applicable.

  **IV.** **Rule 26(a)(1)(A)(iv): for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

  Copy provided to counsel for Plaintiff.

Dated: December 12, 2024

Respectfully submitted,

STITES & HARBISON PLLC

By: */s/ Joel T. Beres*
    Joel T. Beres
    jberes@stites.com
    400 West Market Street
    Suite 1800
    Louisville, KY  40202-3352
    Telephone:  (502) 587-3400
    Facsimile:  (502) 587-6391

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of the foregoing via electronic mail.

Dated: October 23, 2024December 12, 2024

By: /s/ *Joel T. Beres*
Joel T. Beres
jberes@stites.com
400 West Market Street
Suite 1800
Louisville, KY  40202-3352
Telephone:  (502) 587-3400
Facsimile:  (502) 587-6391

Attorneys for Defendant